IN THE CIRCUIT COURT OF ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

SUSHIL MALHOTRA
An Individual

CASE NO.: 17-25549 CA01

Plaintiff,

v.

SANJAY AGGARWAL,
An Individual,

Defendant.

_____________________________/

**PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES**

NOW COMES, Plaintiff, SUSHIL MALHOTRA ("Plaintiff") and sues Defendant, SANJAY AGGARWAL ("Defendant"), and hereby files this Verified Complaint for damages and in support thereof states as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. This is an action for damages in excess of fifteen thousand dollars ($15,000), exclusive of interest and costs.

2. Plaintiff, SUSHIL MALHOTRA, is an individual who resides in New York, NY.

3. Defendant, SANJAY AGGARWAL, is an individual who resides in Miami-Dade County, FL.

4. Plaintiff wired Defendant the amount of $500,000 on or about July 10, 2013.

5. The Plaintiff wired funds because he was informed by Defendant that it was for salary owed to Defendant in relation to his business relationship with Kingfisher Airlines.

6. Defendant accepted the wire transfer payment on July 10, 2013. Proof of same is attached hereto as Exhibit "A".

7. Defendant received the payment, kept the money for his personal use, and the purpose of the transfer was later learned to be improper.

8. On or about October 2016, Plaintiff learned of the error of transfer, that the funds were improperly wired in relation to monies owed for back salary, and communicated with Defendant regarding the improper transfer of funds.

9. To date Defendant has refused to remit improper payment of funds to the Plaintiff.

10. All conditions precedent to the bringing of this action has been performed, waived, excused or have occurred.

**COUNT I – CIVIL THEFT**

11. Plaintiff re-alleges and reincorporates the allegations contained in paragraph 1 through 10 as if fully set forth herein.

12. As set forth above, Plaintiff made a wire transfer payment in the amount of $500,000. Defendant took receipt of the $500,000 payment on or about July 10, 2013. Wire transfer confirmation dated on July 10, 2013 is attached hereto as Exhibit "A".

13. Defendant kept the money for his own use.

14. To date, Defendant has not provided payment of any kind and has refused to refund the improper payment to Plaintiff.

15. As a result of Defendant's failure to return his money, Plaintiff sent the statutorily required Notice of Civil Theft Demand on July 25, 2017. In that letter, Plaintiff made demand for return of the monies that it had provided to Defendant. See demand letter attached as Exhibit "B".

16. To date, Defendant has refused to pay Plaintiff. Defendant knowingly obtained, used, and endeavored to obtain or to use the $500,000 with the intent to permanently deprive Plaintiff of the

right to the money and to appropriate the money to the Defendant's own use in violation of §812.0014(1), Fla. Stat.

17. As a result of the Defendant's violation of §812.0014(1), Fla. Stat., Plaintiff has been incapacitated and damaged from the loss of his money.

18. Pursuant to §772.11(1), Fla. Stat., Plaintiff is entitled to threefold the actual damages sustained as a result of Defendant's violation of §812.014(1), Fla. Stat., and reasonable attorney's fees and court costs.

19. As stated above, before filing this action, Plaintiff made written demand upon Defendant for the treble damage amount for which Defendant is liable to Plaintiff. Defendant has not complied with such written demand.

WHEREFORE, Plaintiff demands judgement against Defendant in the amount of $500,000 plus interest thereon, threefold the actual damage sustained as a result of Defendant's violation of §812.014(1), Fla. Stat., and reasonable attorney's fees and court costs.

**COUNT II – UNJUST ENRICHMENT**

20. Plaintiff re-alleges and reincorporates the allegations contained in Paragraphs 1 through 10 as if fully set forth herein.

21. Plaintiff pleads this Count for Unjust Enrichment alternative to all other counts.

22. This is an action for equitable relief within the equitable jurisdiction of the Court.

23. By virtue of the transfer in the amount of $500,000, Plaintiff conferred a valuable benefit to Defendant, and Defendant has been unjustly enriched as a result. Specifically, they have been enriched as to amount of $500,000.

24. Defendant had knowledge of such benefits and voluntarily accepted and retained the benefits conferred.

25. Based upon Defendant's above-described conduct, the circumstances are such that it would be inequitable for him to retain the benefits without paying the value thereof to Plaintiff.

26. As a direct and proximate result of his conduct, Defendant has been unjustly enriched in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

27. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment against Defendant for damages in an amount in excess of Five Hundred Thousand Dollars ($500,000.00), costs and disbursements, and such other and further relief as is just and proper.

**COUNT III – OPEN ACCOUNT**

28. Plaintiff re-alleges and re-incorporates Paragraphs 1 through 10 above, as if more fully set forth herein.

29. Plaintiff pleads this count for Open in the alternative to all other requests for relief herein.

30. Defendant owes Plaintiff Five-Hundred Thousand Dollars and Zero Cents ($500,000.00), plus interest thereon from July 10, 2013 to present as more fully set forth in Exhibit A.

WHEREFORE, Plaintiff demands judgment against Defendant for damages in an amount in excess of Five Hundred Thousand Dollars ($500,000.00), costs and disbursements, and such other and further relief as is just and proper.

**COUNT IV – FRAUD**

31. Plaintiff re-alleges and re-incorporates Paragraphs 1 through 10 above, as if more fully set forth herein.

32. DEFENDANT in his individual capacity made assertions that he was owed monies for back salary from Kingfisher Airlines.

33. Shortly after making such assertion, Plaintiff wired funds of $500,000 to Defendant, based on the belief the Defendant was truthful.

34. These assertions were false at the time they were made.

35. As a direct and proximate result of the above-described conduct, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendant for damages in an amount in excess of Five Hundred Thousand Dollars ($500,000.00), costs and disbursements, and such other and further relief as is just and proper.

Sushil Malhotra

TRIAL BY JURY IS REQUESTED IN CONNECTION TO ALL COUNTS IN THE VERIFIED COMPLAINT.

Date: October 27, 2017.

**ZIPRIS LAVALLE, P.A.**
12000 Biscayne Blvd
Suite 401
North Miami, Florida 33181
Phone: 305.899.2023
Fax: 305.899.2747

/S/ David LaValle, Esq.
**David C. LaValle, Esq.**
Florida Bar Number: 072081
**Darren Zipris, Esq.**
Florida Bar Number: 047837