UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-24407-GAYLES/OTAZO-REYES

SUSHIL MALHOTRA,

    Plaintiff,

v.

SANJAY AGGARWAL,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 13] ("Motion"). The Court has carefully reviewed the submissions of the parties and the applicable law. For the reasons that follow, the Motion is granted.

## I. BACKGROUND

In the Amended Complaint [ECF No. 12], Plaintiff Sushil Malhotra ("Plaintiff") brings claims of civil theft, unjust enrichment, and fraud against Defendant Sanjay Aggarwal ("Defendant"). On July 10, 2013, Plaintiff wired Defendant $500,000. [*Id.* ¶ 4]. Plaintiff claims the $500,000 was his personal property and alleges that he wired the funds to Defendant because Defendant stated he was owed a salary due to his business relationship with Kingfisher Airlines.[1] [*Id.* ¶¶ 5–6]. On the same day, Defendant accepted the $500,000. [*Id.* ¶ 7].

According to Plaintiff, in September 2016, upon a "review of accounting books and auditing," he learned that the transfer was an "error." [*Id.* ¶¶ 9–10]. Plaintiff claims that he notified Defendant of the error and requested that Defendant return the funds. [*Id.* ¶ 11].

---

[1] Plaintiff's relationship to Kingfisher Airlines is unclear from the facts alleged in the Amended Complaint. [ECF No. 12].

Defendant has not paid any money to Plaintiff, and in July 2017, Plaintiff sent Defendant a Notice of Civil Theft Demand. [*Id.* ¶¶ 17–18]. Plaintiff filed suit in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, on November 2, 2017 [ECF No. 1-1], and the case was removed to this Court on the basis of diversity jurisdiction on December 6, 2017. [ECF No. 1].

## II. LEGAL STANDARD

In order for a complaint to withstand a motion to dismiss, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is considered facially plausible when the court is able to draw a reasonable inference that the defendant is liable based on the factual content pleaded by the plaintiff. *Id.* The "plausibility standard" requires there be "more than sheer possibility that a defendant acted unlawfully." *Id.* A determination of a claim's plausibility "is a context-specific task that requires the reviewing court to draw on its judicial experiences and common sense." *Id.* at 679. It is not enough for a complaint to recite the statutory elements of a cause of action. *Id.* at 678. Allegations within a complaint must be more than conclusory and must have a factual basis. *Id.* at 679.

Reviewing a motion to dismiss, courts accept the allegations as presented in the complaint as true and view those facts "in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The issue before the Court is "'not whether [Plaintiff] will ultimately prevail' . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529–30 (2011) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III. DISCUSSION

### A. Civil Theft

"To prevail on an action for civil theft, the plaintiff must prove that the defendant (1) knowingly; (2) obtained or used, or endeavored to obtain or use, the plaintiff's property; (3) with felonious intent; (4) to deprive the plaintiff of its right to or a benefit from the property or appropriate the property to the defendant's own use or to the use of a person not entitled to use the property."

*Howard v. Murray*, 184 So. 3d 1155, 1167 n.24 (Fla. 1st DCA 2015).

Here, Plaintiff fails to allege that Defendant acted with felonious intent. Although Plaintiff alleges that he notified Defendant that the transfer of funds was an error, that Defendant has refused to return the money, and that the purpose of the transfer was later learned to be improper [ECF No. 12, ¶¶ 8, 16–19], there is a lack of clarity as to the circumstances surrounding the transfer. Thus, Plaintiff's Amended Complaint lacks factual allegations from which the court could "draw [a] reasonable inference" that Defendant is liable for civil theft. *See Iqbal*, 556 U.S. at 678. Accordingly, the Motion is granted as to Count I.

### B. Unjust Enrichment

Defendant argues that Plaintiff's unjust enrichment claim should be dismissed because (1) Plaintiff failed to allege facts that support a prima facie case of unjust enrichment and (2) it is time barred by the Florida Statute of Limitations, § 95.11(3)(k). Because the Court finds that the claim is time barred, it declines to reach the other grounds for dismissal.

Florida Statute § 95.11(3)(k) provides that "[a] legal or equitable action on a contract, obligation, or liability not founded on a written instrument," must be commenced within four years. Fla. Stat. § 95.11(3)(k). The statute of limitations for a claim of unjust enrichment "begins to run at the time the alleged benefit is conferred and received by the defendant." *Flatirons Bank v. Alan W. Steinberg Ltd. P'ship*, 233 So. 3d 1207, 1213 (Fla. 3d DCA 2017). Accordingly, the statute of limitations for Plaintiff's claim of unjust enrichment began to run on July 10, 2013, the

day that the alleged benefit was conferred upon Defendant. [ECF No. 12, ¶ 4]; Fla. Stat. § 95.11(3)(k).

Moreover, the doctrine of delayed discovery does not apply to claims of unjust enrichment. *Davis v. Monahan*, 832 So. 2d 708, 712 (Fla. 2002); *Flatirons Bank*, 233 So. 3d at 1213. The Florida Legislature has provided that "[a] cause of action accrues when the last element constituting the cause of action occurs." Fla. Stat. § 95.031. An exception to this general rule has been carved out for cases of fraud and products liability. *Id.* § 95.031(2)(a)–(b). In such cases, the limitations period does not begin until the "facts giving rise to the cause of action were discovered or should have been discovered." *Id.* In *Davis*, the Florida Supreme Court found that by providing the exception for specific causes of action, the Legislature intended to limit the applicability of the delayed discovery doctrine. *Davis*, 832 So. 3d at 711 (noting that "[t]o hold otherwise would result in . . . rewriting the statute, and, in fact, obliterating the statute").

Plaintiff wired Defendant $500,000 "on or about July 10, 2013." [ECF No. 12, ¶ 4]. The applicable statute of limitations ran out on July 10, 2017—115 days before Plaintiff filed suit against Defendant. [*See* ECF No. 1-1]. Accordingly, Count II is dismissed with prejudice.

**C. Fraud**

Defendant moves to dismiss Plaintiff's claim of fraud, arguing that Plaintiff has failed to plead with necessary specificity. When a plaintiff alleges fraud, it "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see, e.g., Inman v. Am. Paramount Fin.*, 517 F. App'x 744, 748 (11th Cir. 2013). This heightened pleading standard serves to "alert[] defendants to the 'precise misconduct with which they are charged' and protect[] defendants 'against spurious charges of immoral and fraudulent behavior.'" *Brooks v. Blue Cross & Blue Shield of Fla.*, 116 F.3d 1364, 1370–71 (11th Cir. 1997). Here, Rule 9 requires that the complaint include: (1) the precise statements made by the parties, (2) the time

4

and location where statements were made and the identity of the person who made them, (3) the content of the statements "and the manner in which they misled the plaintiff," and (4) what the defendant gained as a result of the fraudulent activity. *See id.* at 1371.

Plaintiff alleges that Defendant "made assertions that he was owed monies for back salary from Kingfisher Airlines" and that "based on the belief the Defendant was truthful," Plaintiff wired him $500,000. [ECF No. 12, ¶¶ 35–36]. Although the Amended Complaint states that Defendant's assertions were false at the time they were made [*id.* ¶ 38], Plaintiff fails to provide the substance, time, or location of Defendant's untruthful assertions. *See Brooks*, 116 F.3d at 1371. Consequently, the Motion is granted as to Count III.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND AJUDGED** as follows:

1. Defendant's Motion to Dismiss the Plaintiff's Amended Complaint [ECF No. 13] is **GRANTED**;

2. Counts I and III of Plaintiff's Amended Complaint are **DISMISSED without prejudice**;

3. Count II of Plaintiff's Amended Complaint is **DISMISSED with prejudice**;

4. Plaintiff shall file an amended complaint, if warranted, within 20 days of this Order; and

5. this action is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of July, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE