UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-24407-GAYLES/OTAZO-REYES

SUSHIL MALHOTRA,

    Plaintiff,

v.

SANJAY AGGARWAL,

    Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint and Motion for Attorney's Fees [ECF No. 27] ("Motion"). The Court has carefully reviewed the submissions of the parties and the applicable law. For the reasons that follow, the Motion is granted in part and denied in part.

**I.    BACKGROUND**

Plaintiff, Sushil Malhotra, filed suit in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, on November 2, 2017 [ECF No. 1-1] against Defendant, Sanjay Aggarwal, and the case was removed to this Court on the basis of diversity jurisdiction on December 6, 2017. [ECF No. 1]. Plaintiff filed his first Amended Complaint on January 19, 2018. [ECF No. 12]. The Court granted Defendant's Motion to Dismiss the First Amended Complaint [ECF No. 13] on June 15, 2018, dismissing Plaintiff's claim for unjust enrichment with prejudice and his claims for civil theft and fraud without prejudice for failure to state a claim. [ECF No 25]. Plaintiff filed the operative Second Amended Complaint on July 3, 2018, repleading his claims for civil theft and fraud. [ECF. No. 26].

According to the Second Amended Complaint, on July 10, 2013, Plaintiff wired

1

Defendant $500,000. [*Id.* ¶ 13]. Plaintiff claims the $500,000 was his personal property[1] and alleges that he wired the funds to Defendant because Defendant stated he was owed a salary due to his business relationship with Kingfisher Airlines.[2] [*Id.* ¶¶ 9, 14]. On the same day, Defendant accepted the $500,000. [*Id.* ¶ 16].

In September 2016, upon a "review of accounting books and auditing," Plaintiff learned that the transfer was an "error." [*Id.* ¶¶ 18–19]. Plaintiff claims that he notified Defendant of the error and requested that Defendant return the funds. [*Id.* ¶ 20]. Defendant has not paid any money to Plaintiff, and in July 2017, Plaintiff sent Defendant a Notice of Civil Theft Demand. [*Id.* ¶¶ 35–36]. After waiting the statutory period, Plaintiff initiated this action.

## II.     LEGAL STANDARD

In order for a complaint to withstand a motion to dismiss, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is considered facially plausible when the court is able to draw a reasonable inference that the defendant is liable based on the factual content pleaded by the plaintiff. *Id.* The "plausibility standard" requires there be "more than sheer possibility that a defendant acted unlawfully." *Id.* A determination of a claim's plausibility "is a context-specific task that requires the reviewing court to draw on its judicial experiences and common sense." *Id.* at 679. It is not enough for a complaint to recite the statutory elements of a cause of action. *Id.* at 678. Allegations within a complaint must be more than conclusory and must have a factual basis. *Id.* at 679.

Reviewing a motion to dismiss, courts accept the allegations as presented in the

---

[1] Plaintiff also asserts that $500,000 was transferred to him by non-party, Vijay Mallya on July 8, 2013, before transferring the funds to Defendant. [ECF No. 26 at ¶ 7]. No purpose was identified for this initial transfer.
[2] As was an issue in the first Amended Complaint, here too, Plaintiff's relationship to Kingfisher Airlines remains unclear from the facts alleged. [ECF No. 26].

complaint as true and view those facts "in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The issue before the Court is "'not whether [Plaintiff] will ultimately prevail' . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529–30 (2011) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III.  DISCUSSION

### A. Civil Theft

The Order on the Defendant's prior Motion to Dismiss explained that:

> To prevail on an action for civil theft, the plaintiff must prove that the defendant (1) knowingly; (2) obtained or used, or endeavored to obtain or use, the plaintiff's property; (3) with felonious intent; (4) to deprive the plaintiff of its right to or a benefit from the property or appropriate the property to the defendant's own use or to the use of a person not entitled to use the property.

[ECF No. 25 at 3] (quoting *Howard v. Murray*, 184 So. 3d 1155, 1167 n.24 (Fla. 1st DCA 2015)).

Plaintiff's Second Amended Complaint, again, fails to allege that Defendant acted with felonious intent. The Second Amended Complaint contains additional background information relating to Plaintiff's relationship with non-party Vijay Mallya and gives some information relating to Defendant's knowledge of such relationship. [ECF No. 26 at ¶¶ 5, 8]. Specifically, Plaintiff alleges that "Defendant knew of Plaintiff and Vijay Mallya['s] close relationship and used this . . . as a way to gain Plaintiff's trust and make Plaintiff believe [that] the funds came from Vijay Mallya for the benefit[] of the Defendant." [*Id.* at ¶ 28]. However, the core allegations remain the same. Plaintiff re-alleges that the $500,000 is his property, he notified Defendant that the transfer of funds was an error, Defendant has refused to return the money, and the purpose of the transfer was later learned to be improper [*Id.* at ¶¶ 14, 17, 20]. Plaintiff's additional allegations do not sufficiently indicate that Defendant acted with the requisite intent to

commit the tortious act alleged. Thus, Plaintiff's Second Amended Complaint lacks sufficient factual allegations from which the Court could "draw [a] reasonable inference" that Defendant acted with felonious intent as required to be liable for civil theft. *See Iqbal*, 556 U.S. at 678. Accordingly, the Motion is granted as to Count I.

### B. Fraud

Defendant moves to dismiss Plaintiff's claim of fraud, arguing that Plaintiff has failed to plead his claim with the necessary specificity. When a plaintiff alleges fraud, it "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see, e.g., Inman v. Am. Paramount Fin.*, 517 F. App'x 744, 748 (11th Cir. 2013). This heightened pleading standard serves to "alert[] defendants to the 'precise misconduct with which they are charged' and protect[] defendants 'against spurious charges of immoral and fraudulent behavior.'" *Brooks v. Blue Cross & Blue Shield of Fla.*, 116 F.3d 1364, 1370–71 (11th Cir. 1997). Here, Rule 9 requires that the complaint include: (1) the precise statements made by the parties, (2) the time and location where statements were made and the identity of the person who made them, (3) the content of the statements "and the manner in which they misled the plaintiff," and (4) what the defendant gained as a result of the fraudulent activity. *See id.* at 1371.

The Court previously indicated that Plaintiff's claim did not meet this heightened standard, because it was lacking sufficient factual allegations regarding "the substance, time, or location of Defendant's untruthful assertions." [ECF No. 25 at 5]. Plaintiff's Second Amended Complaint provides additional dates and information regarding the circumstances surrounding Defendant's statements. Plaintiff alleges that in June and July of 2013 he was in regular communication with Defendant relating to Kingfisher Airlines' business strategies; on or about July 8, 2013, Plaintiff received a $500,000 transfer from Vijay Mallya; and on July 10, 2013, Plaintiff wired the $500,000 to Defendant. [ECF No. 26 at ¶ 6–7, 13]. It is clear from the

4

Complaint that Plaintiff and Defendant communicated regarding the funds during these dates. [*Id.* at ¶¶ 6–13]. Plaintiff also alleges that he wired Defendant the money because Defendant insisted it was owed to him for back salary. [*Id.* at ¶¶ 9, 12, 15]. Accordingly, the Court finds that Plaintiff has sufficiently alleged the facts necessary to support his claim for fraud. Therefore, the Motion is denied as to Count II.

**IV.   CONCLUSION**

Based on the foregoing, it is **ORDERED AND AJUDGED** as follows:

1. Defendant's Motion to Dismiss the Plaintiff's Amended Complaint [ECF No. 13] is GRANTED in part and DENIED in part;
2. Count I of Plaintiff's Second Amended Complaint is DISMISSED without prejudice.
3. Defendant's Motion with respect to Count II is DENIED.
4. Defendant's Motion for Attorney's Fees is denied.
5. The parties shall submit a joint proposed scheduling order indicating new trial dates within 14 days of the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of March, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE