UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-24407-GAYLES/OTAZO-REYES

SUSHIL MALHOTRA,

    Plaintiff/Counter-Defendant,

v.

SANJAY AGGARWAL,

    Defendant/Counter-Plaintiff.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff's Motion to Dismiss Defendant's Counterclaim ("Motion"). [ECF No. 49]. The Court has carefully reviewed the submissions of the parties and the applicable law. For the reasons that follow, the Motion is granted.

### I. BACKGROUND

According to the Second Amended Complaint, on July 10, 2013, Plaintiff Sushil Malhotra ("Plaintiff") wired $500,000 to Defendant Sanjay Aggarwal ("Defendant"), which Defendant accepted that day. [ECF No. 26 at ¶ 13]. In September 2016, during an accounting review and audit, Plaintiff discovered that the wire transfer was a mistake and notified Defendant of the mistake. *Id.* at ¶¶ 18–20. Plaintiff requested that Defendant return the money; however, Defendant failed to do so. *Id.* at ¶ 20. On November 2, 2017, Plaintiff filed suit in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. [ECF No. 1-1]. Plaintiff brought claims for civil theft, unjust enrichment, and fraud against Defendant. *Id.* On December 6, 2017, the case was removed to this Court based on diversity jurisdiction. [ECF No. 1]. Plaintiff filed his Second Amended Complaint on July 3, 2018. [ECF No. 26]. This case previously came before the Court on two separate Motions to Dismiss the Complaint and the Second Amended Complaint.

1

[ECF Nos. 13 & 27]. The Court granted in part those motions leaving only Plaintiff's claim for fraud remaining. [ECF Nos. 25 & 36].

On April 29, 2019, Defendant filed his Answer, Affirmative Defenses, and Counterclaim for defamation against Plaintiff. [ECF No. 47]. According to the Counterclaim, around 2016 and "several times thereafter" Plaintiff told multiple people that Defendant was "a liar and a thief and that he owed him a debt of money and he would not pay." *Id.* at ¶ 5. Defendant maintains that those oral statements were false, intentional, not privileged, and defamatory. *Id.* at ¶¶ 6–9. Defendant claims that "falsely calling someone a liar[,] a thief[,] and a debtor is defamation per se." *Id.* at ¶ 9.

## II. Legal Standard

In order for a complaint to withstand a motion to dismiss, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is considered facially plausible when the court is able to draw a reasonable inference that the defendant is liable based on the factual content pleaded by the plaintiff. *Id.* The "plausibility standard" requires there be "more than sheer possibility that a defendant acted unlawfully." *Id.* A determination of a claim's plausibility "is a context-specific task that requires the reviewing court to draw on its judicial experiences and common sense." *Id.* at 679. It is not enough for a complaint to recite the statutory elements of a cause of action. *Id.* at 678. Allegations within a complaint must be more than conclusory and must have a factual basis. *Id.* at 679.

In reviewing a motion to dismiss, courts accept the allegations presented in the complaint as true and view those facts "in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The issue before the Court is "'not whether [Plaintiff] will ultimately

2

prevail' . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529–30 (2011) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

While a federal court sitting in diversity applies a state's substantive law, it need not adhere to a state's pleading standard. Instead, a federal court sitting in diversity follows the standards set forth in Federal Rule of Civil Procedure 8(a). *Caster v. Hennessey*, 781 F.2d 1569, 1570 (11th Cir. 1986). In contrast to Florida's heightened fact-pleading standard, a well-pleaded complaint under Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. (citing Fed. R. Civ. P. 8(a)(2)); *see also Grief v. Jupiter Med. Ctr., Inc.*, No. 08-80070-CIV-MARRA, 2008 WL 2705436, at *5 (S.D. Fla. July 9, 2008).

### III. Discussion

#### A. Defamation

Plaintiff moves to dismiss the Counterclaim arguing that Defendant has failed to state a claim for defamation. To state a counterclaim for defamation, Defendant "must allege that (1) [Plaintiff] published a false statement; (2) about [Defendant]; (3) to a third party; (4) proximately damaging [Defendant]." *SZS Sols., Inc. v. Brother Int'l Corp.*, No.17-CV-61942, 2018 WL 3126220, at *2 (S.D. Fla. June 26, 2018) (citing *Forston v. Colangelo*, 434 F. Supp. 2d 1369, 1378 (S.D. Fla. 2006)). Plaintiff argues that Defendant failed to identify the specific statements claimed to be defamatory, identify who the statements were made to, and attach copies of the publication in which the statements are contained.

First, Plaintiff correctly notes that Defendant failed to identify the specific statements claimed to be defamatory. In a defamation case, "a plaintiff 'must allege certain facts such as the identity of the speaker, a description of the statement, and provide a time frame within which the publication occurred.'" *Five for Entm't S.A. v. Rodriguez,* 877 F. Supp. 2d 1321, 1328 (S.D. Fla.

3

2012) (quoting *Morrison v. Morgan Stanley Props.,* No. 06-CV-80751, 2008 WL 1771871, at *10 (S.D. Fla. Apr. 15, 2008)). For the description of "oral statements, a plaintiff must 'set out the substance of the spoken words with sufficient particularity to enable [the] court to determine whether the publication was defamatory.'" *B & D Nutritional Ingredients, Inc. v. Unique Bio Ingredients, LLC*, No. 16-CV-62364, 2017 WL 8751751, at *4 (S.D. Fla. Jan. 25, 2017) (quoting *Spitalny v. Insurers Unlimited, Inc.*, No. 2:05-CV-12FTM-29SPC, 2005 WL 1528629, at *3 (M.D. Fla. June 24, 2005)).

Defendant identified Plaintiff as the publisher of the oral statements but failed to provide an adequate description of the statements and time frame. The Counterclaim merely states that, "[c]ommencing on or about 2016 and several times thereafter [Plaintiff] told multiple persons that [Defendant] was a liar and a thief and that he owed [Plaintiff] a debt of money and he would not pay." [ECF No. 47 at ¶ 5]. Such conclusory allegations are insufficient to state a claim for relief. *See Five for Entm't S.A.*, 877 F. Supp. 2d at 1328 (noting that a defamation claim based on a press release and statements allegedly uttered by defendant "in the days or weeks following . . . November 17, 2010 . . ." failed to allege *when* those statements were made and failed to include a *sufficient* description of the statements) (emphasis added).

Second, "under Florida law, a defamation plaintiff must plead the 'identity of the particular person to whom the remarks were made with a reasonable degree of certainty' to afford the defendant 'enough information to determine affirmative defenses.'" *Ward v. Triple Canopy, Inc.*, 8:17-CV-802-T-24 MAP, 2017 WL 3149431, at *3 (M.D. Fla. July 25, 2017) (quoting *Buckner v. Lower Fla. Keys Hosp. Dist.*, 403 So. 2d 1025, 1027 (Fla. 3d DCA 1981)). Here, Defendant fails to identify with a reasonable degree of certainty the people to whom the remarks were made. In

the absence of the necessary facts—an adequate description of the statements, when they were made, and to whom—Defendant has failed to state a claim for defamation.

Lastly, Defendant's failure to attach copies of the publication in which the alleged defamatory statements are contained is not necessarily fatal to the defamation claim. *SZS Sols., Inc.*, 2018 WL 3126220, at *2. Defendant's Opposition to the Plaintiff's Motion to Dismiss Counterclaim [ECF No. 50] clarifies that the Counterclaim relates to oral defamatory statements and not written publications that could be easily attached to the Counterclaim. Thus, Plaintiff's argument for dismissal based on Defendant's failure to attach the statements is not properly at issue here.

### B. Statute of Limitations

While Plaintiff does not argue dismissal based on the statute of limitations, the Court finds the discussion relevant here should Defendant seek leave to amend in the future. "The legislature has established unequivocal guidelines governing the statute of limitations for defamation suits and has decided on a two-year period." *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So. 2d 113, 114 (Fla. 1993); *see also* Fla. Stat. § 95.11(4)(g). The time begins to run "from the time the cause of action accrues" § 95.031, Fla. Stat. (1987). For defamation, the cause of action "shall be deemed to have accrued at the time of the first publication or exhibition or utterance . . ." § 770.07, Fla. Stat. (1987). Thus, defamation suits must be brought in a two-year period from first publication.

Defendant's defamation claims for statements allegedly made in 2016 are likely time-barred by the statute of limitations. Defendant claims that, "commencing on or about 2016 and several times thereafter," Plaintiff published the defamatory statements to multiple people. [ECF No. 47 at 8]. As the Counterclaim was filed on April 29, 2019—more than two years after the first

5

alleged publication—it appears that Defendant's counterclaim is time-barred based on the record before the Court. Also, Defendant has not set forth any basis for the Court to justify an equitable tolling of the statute of limitations on the defamation counterclaim. *See Bloom v. Alvereze*, 498 F. App'x 867, 881 (11th Cir. 2012) (rejecting the application of the continuing tort doctrine to defamation).

IV. **Conclusion**

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Dismiss Defendant's Counterclaim [ECF No. 49] is **GRANTED**. Defendant's Counterclaim is **DISMISSED** *without prejudice*.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of July, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE